## STATE ex rel. FINCH vs. WASHBURN.

A person elected to the office of county judge for the full term may signify his refusal to qualify, before the expiration of the twenty days given by law for that purpose (R. S., chap. 13, sec. 157); and thereupon the office becomes vacant for that term, and an appointment may be made immediately, although, to prevent an interregnum, the old incumbent of the office is authorized to perform its functions until his successor has qualified.

Under chap. 90, Laws of 1859, a person elected or appointed to fill a vacancy in the office of county judge, holds to the end of the unexpired term, and until the election (or appointment) and qualification of his successor.

A county judge who had been re-elected filed his resignation with the governor on the last day of the old term, to take effect on the first day of the new, and on the day the resignation was tendered qualified as state prison commissioner, and the next day removed to another county. On the first day of the term the governor appointed the defendant to fill the vacancy caused by such resignation. *Held*, that such resignation was equivalent to a refusal to qualify for the new term; that the resignation and removal together were equivalent to a refusal either to act longer under the old term or qualify for the new; that the governor was thereupon authorized to appoint immediately for the new term; and that such must be held to have been the intention and effect of the appointment in this case.

This was an action brought in this court, under the statute, to determine whether the relator or respondent was entitled to hold the office of county judge of Winnebago county for the term commencing January 1, 1862.

On the 25th of September, 1861, Alexander P. Hodges was county judge of said county, and was entitled to hold the office until the first of January, 1862, and until his successor was elected and qualified. On the 2d of April preceding, said Hodges had also been duly elected to fill the same office for a term of four years commencing on said first of January, 1862; but he never qualified for said term. At the annual election in November, 1861, said Hodges was elected state prison commissioner. On the 31st of December of that year he tendered to the governor his resignation of the office of county judge, to take effect on the next day. On said 31st of December he also filed his official bond and oath of office as state prison commissioner, and on the 1st of January, 1862, removed to Waupun and enter

ed upon the duties of said office. On the day last mentioned the governor issued a commission to the respondent, *Washburn*, appointing him county judge of Winnebago county, to fill the vacancy caused by the resignation of said Hodges; and under this appointment the respondent filed his oath and official bond, and entered upon and exercised the duties of said office. On the 1st of April, 1862, votes were cast in certain election precincts of said county for the purpose of electing a county judge for the unexpired portion of the term which commenced on the 1st of January of that year; and the relator received a majority of the votes so cast, and obtained from the clerk of the board of supervisors of said county a certificate of election. Afterwards he filed his oath of office and official bond, and made demand upon the defendant to deliver to him the books and papers belonging to said office, and upon his refusal to do so, commenced this action.

*S. U. Pinney*, for the relator :

There was a vacancy created by the resignation of Mr. Hodges of the office of county judge on the 1st of January, 1862. His resignation, his removal from the county and his acceptance of the office of state prison commissioner, were concurrent acts ; and the case is no stronger for the respondent by reason of the removal and acceptance of another office. It stands substantially on the ground that the resignation created a vacancy. There is nothing incompatible in the two offices of state prison commissioner and county judge.—The vacancy created by the resignation could be supplied by appointment; but the electors of the county had a right to elect a judge on the first Tuesday of April succeeding the appointment, and thereupon the right of the respondent would cease. R. S., ch. 7, secs. 94, 100.—The term of office of the county judge continues until the time for his successor to qualify under the law expires. If the same person is re-elected, he holds, until that time has expired, by his old title and as of his old term. *People vs. Whitman*, 10 Cal., 38. Under sec. 100, ch.

7, R. S., the respondent would have been entitled to hold his office under the appointment in question " until his successor was elected and qualified." But by the provisions of chap. 60, Laws of 1859, the respondent could " hold during the un-expired term only." It was the manifest intention of the leg-islature, in adopting this provision, that the appointee should not hold " until his successor should be elected and qualified." 30 Barb., 193.—It is submitted that the vacancy occurred dur-ing the term for which Hodges was *first* chosen. This was " the unexpired term," because it would continue until the twenty days within which he might qualify under his second election had expired. Hodges might at any time before the expiration of the twenty days have retracted a refusal made on the first of January, and qualified and held the second term.— Independent of statutory provision, a vacancy could not occur in an office by any act of the incumbent or claimant, unless he had become fully invested with the office or term which he seeks to resign ; and where an oath or official bond is required of him before he enters upon his official duties, he is not in for the term until such oath and bond are given. *Thomas vs. Owens,* 4 Md., 189 ; 19 How. (U. S.), 73. The statute pro-vides but one instance to the contrary, and that is in the case of the death of a party elected or appointed, *before* the time when by law he should enter upon the duties of the office to which he was elected or appointed. R. S., ch. 14, sec. 2, subd. 8.—The result is, that the respondent could not hold the office under his appointment beyond the 20th of January, 1862. In whatever way the vacancy occurred, it was while Hodges held and was lawfully holding by his *old title,* and before he was in under the *new one.*—But if it is conceded that the respondent's appointment was for the term for which Hodges was re-elected, then he could hold only until his successor was elected and qualified. R. S., ch. 7, sec. 100 ; Laws of 1859, ch. 60. The result of these statutes is, that in no case can an appointee hold beyond an election ; nor can he always hold *until* an elec-

State ex rel. Finch vs. Washburn.

tion can be had, but his title under the appointment *may* end by the expiration of the term of his predecessor before an . election can be held.

*Finches, Lynde & Miller*, for respondent.

*By the Court*, DIXON, C. J. There can be no doubt that Hodges intended his resignation to apply to the term of office for which he had recently been elected, and which was to commence on the day the resignation took effect. He resigned on the last day of the old to take effect on the first day of the new term. On the day the resignation was tendered, he qualified as state prison commissioner, and on the next removed from the county of Winnebago to the county of Dodge. These circumstances seem to place his intention beyond reasonable doubt. And it would seem, too, that there can be as little doubt as to the intention of the governor. He intended the appointment for the new term.

But it is urged that as Hodges had not qualified for the new, but was in under the old term, at the time the resignation took effect, and as the old term might extend for the period of twenty days into the new, unless he sooner qualified for the latter, the resignation could only have effect as to those twenty days or such portion thereof as should elapse before the qualification of the new incumbent. In this case it was the full twenty days, as it is not pretended that Hodges ever qualified for the new term. After that it is insisted that the office was liable to be filled by election or appointment. No second appointment having been made, and the relator having received a majority of the votes cast for the office at the ensuing April election, it is insisted that he has lawful title to it. Some questions are made as to the validity of this election. No notice of election was given. Votes were cast in only two or three election precincts. In all the others, comprising a very large majority of the voters of the county, no election for the office of county judge was had. But it is unnecessa-

ry to consider these objections, since we are of opinion that the case must be determined on another ground.

It is furthermore urged in support of the same position, that there can be no resignation of an office by one not in fact seized; that a person elected to an office, but who has not qualified and taken possession, cannot surrender it in the form of a resignation. This may be in a technical sense true. It may be that Hodges, not having possession nor authority to act, could not have resigned. But he was lawfully possessed, holding by virtue of a previous election or appointment. A resignation was therefore a proper proceeding to terminate that tenure. So far there is no disagreement between counsel. But we think, under the circumstances presented, that the resignation had a further effect; that it vacated the office for the new term. It was, in our judgment, equivalent to a refusal on the part of Hodges to qualify for that term, and authorized the appointment forthwith. The statute declares that every office shall become vacant upon the refusal or neglect of the incumbent to take his oath of office, or to give or renew his official bond, or to deposit such oath or bond within the time prescribed by law. R. S., ch. 14, § 2, subd. 6. Subdivision four of the same section declares, in the case of a local officer, that his ceasing to be an inhabitant of the district, county &c., for which he may have been elected, shall have the same effect. On the same day of the resignation, Hodges ceased to be an inhabitant of the county. In view of these provisions of the law, we cannot but regard his conduct as tantamount to an unqualified refusal to act longer, either under the old or the new term. If so, then it was a refusal to qualify for the new term within the time prescribed by law, and the office for that term, as well as the old, became vacant. For we suppose it to be possible for the person newly elected to refuse to qualify, and to signify such refusal before the expiration of the twenty days given by statute for that purpose. If he does so, the office for that term becomes vacant, and an

appointment may be made, although, to prevent an interregnum, the old incumbent is authorized for the time to perform its functions. So that under such circumstances there may be a lawful holding of the office by the old incumbent as of the old term, while a vacancy actually exists as to the new. In this case, if Hodges, on the first day of January, had made known to the governor his refusal to qualify for the new term, the office for that term would have become vacant, though he might still have lawfully continued to hold as of the old term until an appointment was made and the appointee qualified. It certainly cannot change the nature of the question or vary the rights of the parties, that he at the same time saw fit to surrender all title to the office by virtue of the old term.

The same thing might happen, as to a lawful holding as of one term and an existing vacancy in another, under subdivision eight of the section above referred to, if the person elected for a full term should die before he qualified or before the commencement of the term. The former incumbent would continue to hold, but his tenure would cease upon the appointment and qualification of an officer for the full term.

We think, therefore, that the appointment of the respondent was for the vacancy occurring in the new or full term, and not for any unexpired part of the old term existing by virtue of a vacancy in the new.

The only remaining question arises upon the act of March 10, 1859. Laws of 1859, chap. 60. By the general law, the person appointed to fill a vacancy holds only until his successor is elected and qualified. R. S., ch. 7, sec. 100. The first section of the act of March 10th reads as follows: "County judges now in office shall continue in office until the expiration of the term for which they were elected respectively, and each and every county judge hereafter elected shall hold and continue in office for and during the term ·of four years from and after the first day of January next after his election, and until his successor is elected and qualified: *Provided*, that

when a vacancy in such office shall be filled, either by election or appointment, the person elected or appointed shall hold during the unexpired term only." I confess that the intention of the legislature in this enactment seems to me not very clear. The relator's counsel thinks it was not the intention to abrogate the general provision, but merely to modify it, so that, in case of an appointment, the appointee should hold only during the unexpired term as defined by statute, and not beyond it, and so that in case no successor is elected or appointed and qualified at the commencement of a new term, the office should become absolutely vacant; and that in all cases where the time intervening between the appointment and the expiration of the term will permit, an election is to be had and the office filled in that way according to the general rule. But if this were the intention, it extends to a vacancy filled by election as well as by appointment, for which no motive can be assigned, unless we suppose the legislature were aiming at creating an absolute vacancy in this office, which in every other is studiously avoided. Courts will hesitate before adopting such a construction. A more reasonable interpretation appears to be, that the legislature intended that the vacancy might be filled either by election or appointment, and that when filled in either mode, the person elected or appointed should hold for the unexpired term. If, in case of a vacancy, the governor should deem it unnecessary or inexpedient to appoint, the office may be filled by election; but if an appointment is made, then there is to be no election until the next regular term. This seems to us to be the most fair and rational construction which can be given, and we therefore adopt it. The word "only," at the end of the section, seems to have been employed to limit the time of holding in case of a vacancy filled by election. The previous clause declares that "each and every county judge hereafter elected, shall hold and continue in office for and during the term of four years from and after the first day of January next after his election, and until his successor is elected and quali-

fied;" but if he is elected to fill a vacancy, he "shall hold during the unexpired term only"—which is, during that term and until the election or appointment and qualification of his successor.

Complaint dismissed.