# Richmond.

## OWENS v. O'BRIEN AND ALS.

## HUTCHINGS v. BOURNE AND ALS.

## FISHER v. VAUGHAN AND ALS.

## BEATTIE v. MOORE AND ALS.

### December 6th, 1883.

SCHOOL TRUSTEES—*Oaths of office—Vacancies.*—Such trustees are required to take and subscribe the oath of office as a condition precedent to entering on the discharge of their official duties, and their failure to take it within the prescribed time vacates their trusteeship. If the city council fails to act within the time prescribed, it becomes the duty of the board of education to appoint, and such appointees constitute the lawful trustees of the city. See *Childrey and als.* v. *Rady and als.*, 77 Va. 518; which is approved and which rules the cases at bar.

Four cases presenting same questions and heard together.

Error to judgment of corporation court for city of Manchester, rendered 26th January, 1883, in a certain proceeding in the nature of *quo warranto* in the name of the Commonwealth at the relation of John O'Brien against T. E. Owens, to show cause by what title he holds the office of school trustee for the fourth ward in said city, and why he should not be ousted. Owens answered that the relator had vacated said office by failing to take and subscribe the oath of office; that the city council had failed to act; that the board of education had decided that a vacancy existed in said office and appointed defendant to fill it, and that he had duly qualified. Issue was joined, and left to decision

of the court, which rendered against said Owens, a judgment of ouster from said office, and imposed on him a fine of one cent and the costs. To which judgment Owens obtained a writ of error and supersedeas. In the three other cases the proceedings and the judgments were similar.

Opinion states the case.

*Edgar Allen* and *Meade Haskins,* for the plaintiff in error.

*F. S. Blair, Attorney-General,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The transcript of the record discloses that on the 16th of July, 1880, John O'Brien (the relator) was elected by the city council of Manchester a school trustee for the fourth ward of said city, to serve for three years from August 1st, 1880; that oral testimony only was offered to show that the said O'Brien on August 24th, 1880, appeared before the superintendent of public schools of said city and took certain oaths, the character of which were not proven, nor were said oaths any where recorded, nor was any evidence offered, or alleged, to prove that the said O'Brien ever subscribed to the said oaths, or any of them; that he entered upon the discharge of his duties as such trustee, and continued to exercise the functions of said office until the 2d day of October, 1882, with no other evidence of legal qualification; that on the 30th day of September, 1882, the said T. E. Owens (the plaintiff in error) was appointed school trustee of the fourth ward of the city of Manchester, by the board of education of the State of Virginia, to succeed another trustee who had not qualified as such, and whose term would expire August 1st, 1883; and the said T. E. Owens on 2d day of October, 1882, duly qualified by

taking the oaths prescribed by law, and entered upon the discharge of the duties of said office, and has since continued in possession and discharge of the duties of said office; it being the same office of school trustee which the said John O'Brien had previously held, occupied and enjoyed.

It appears further from the record that the said John O'Brien was, by the city council of the said city of Manchester, re-elected on the 6th day of October, 1882, a school trustee for the fourth ward of said city, but had taken no oath as such school trustee since said election.

It further appears by the said record that the said T. E. Owens was discharging the duties and functions of said office of school trustee, under and by virtue of the aforesaid commission from the board of education of Virginia, when, on the 26th day of October, 1882, the said John O'Brien appeared before the hustings court of the city of Manchester asking for a rule against the said T. E. Owens to show cause why an information, in the nature of a *quo warranto*, should not issue against him to show what right and title he had to said office; and a rule was awarded against the said T. E. Owens, as prayed for; and upon the return day thereof—on the first day of the November term, 1882, of the said court—the said T. E. Owens appeared and answered the said rule, and contended that the said information ought not to be filed, because (among other reasons) the relator, John O'Brien, had, by submitting his claims to the said office to the action of the city council of the said city of Manchester on the 6th day of October, 1882, acquiesced and concurred in the decision of the board of education of Virginia as to the existing vacancy in the said office of school trustee for the fourth ward of the said city, by reason of his failure to qualify under his former election to said office, as before said.

And because the title which the said T. E. Owens held,

by virtue of his commission from the board of education of Virginia, was a full, clear and perfect title to said office. That, at the term of the said hustings court, on the 29th November, 1882, it was ordered that the Commonwealth's attorney for the said city of Manchester have leave to file the information asked for by the relator; to which ruling of the court the respondent excepted; whereupon the information was filed in the name of the Commonwealth of Virginia at the relation of John O'Brien. That on the 18th December, 1882, the defendant, T. E. Owens, filed his answer to said information, setting forth his title to the said office, under the appointment of the board of education of Virginia as aforesaid; to which answer the attorney for the Commonwealth replied generally; a similiter was entered; issue was joined; a jury waived; and the whole matter submitted to the court for its decision.

At another term of the said court, held January 26, 1883, judgment of *ouster* was rendered by said court against the defendant, T. E. Owens, together with a fine of one cent and the costs; whereupon a motion for a new trial was made by defendant, and was overruled; to which ruling of the court defendant excepted.

The foregoing statement of the facts disclosed by the record in this case is similar, in all material respects, to the facts in the cases of *Hutchings* v. *Bourne et als.; Fisher* v. *Vaughn et als.;* and *Beattie* v. *Moore et als.;* and the cases, differing only in dates and other particulars which do not affect the principle involved, and presenting the same question for determination, have been consolidated and submitted all together.

We are of opinion that these cases are ruled by the decision of this court in the case of *Childrey et als.* v. *Rady et als.*, 77 Va. 518; and, for the reasons in that case fully set forth, we are of opinion that the judgment of the hustings court of the city of Manchester, in each of these cases,

respectively, is erroneous, and must be reversed and annulled. And a similar order to that entered in this case will be entered in the others, respectively.

The judgment was as follows:

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the judgment of the said corporation or hustings court is erroneous. It is therefore considered that the same be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his said writ of error here.

And this court proceeding to render such judgment as the said corporation or hustings court ought to have rendered, it is further considered by the court that the plaintiff in the court below, the defendant in error here, take nothing by his bill in said court, and that said plaintiff in error recover against the said defendant his costs by him about his defence in the said corporation or hustings court expended; which is ordered to be certified, &c.

JUDGMENT REVERSED.