B. F. FRANS v. F. M. YOUNG.

[FILED SEPTEMBER 18, 1890.]

1. **Schools:** A MODERATOR of a school district is not required to take an oath of office.

2. ————: OFFICERS DE FACTO. When a person elected to the office of moderator of a school district fails to file with the director of the district his written acceptance of the office, but immediately after his election enters upon the discharge of his official duties, by presiding at school district meetings, countersigning school orders, and performing all other duties required by law of such officer, without objection from any one, for more than a year, *held*, that the failure to file a written acceptance did not forfeit his title to the office.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*Beeson & Root*, for plaintiff in error, cited: *May v. Sch. Dist.*, 22 Neb., 205; *B. & M. R. v. Lancaster Co.*, 4 Id., 293; *Creighton v. Commonwealth*, 83 Ky., 142; *Hamlin v. Kassafer*, 15 Or., 456; Rapalje & Lawrence, Law, Dic., 845.

*B. S. Ramsey*, and *Polk Bros.*, *contra*, cited: *Beach v. Leahy*, 11 Kan., 23; Angell and Ames, Cor. [9th Ed.], sec. 24; *Dist. No. 3 v. Malcolm*, 4 Wis., 79*; *Bassett v. Fish*, 75 N. Y., 312; *People v. Bennett*, 54 Barb. [N. Y.], 480; *Sch. Dist. v. Cowee*, 9 Neb., 53; *State v. Stone*, 40 Ia., 547; *State v. Bates*, 23 Ia., 96; *Barret v. Reed*, 2 O., 409; *Atty. Genl. v. Churchill*, 41 Mo., 41; *Wescott v. Holly*, 12 Wend. [N. Y.], 481; *Blenkenship v. Co. Court*, 44 Mo., 230; *Metz v. Anderson*, 23 Ill., 63.

NORVAL, J.

On the 18th day of September, 1889, the county attorney of Cass county having consented thereto, the relator filed in the district court of said county an information in the nature of a *quo warranto*, to try the right of the respondent to the office of moderator of school district No. 6 of Cass county.

It is alleged in the petition that on the 4th day of April, 1887, the relator possessed all the qualifications required by law to entitle him to hold the office of moderator for said school district; that at the annual school election, held on said day in said school district, the relator was elected to the office of moderator for said school district for the term of three years from said date; that immediately thereafter he entered upon the discharge of the duties of said office as moderator, and continued to discharge the duties thereof, by presiding at school district meetings of said district, countersigning warrants and orders on the county and school district treasurers for moneys belonging to said

district, and performing all and singular the duties imposed by law on moderators of school districts; that the relator continued to discharge the duties of moderator of said district for the period of two years, and has one year of his said term of office to serve from and after the second Monday of July, 1889, and that he has not removed from said district, nor has he resigned said office of moderator.

The petition further alleges that the respondent, Benjamin F. Frans, on or about the second Monday of July, 1889, and from thence continually hitherto, without any legal warrant, claim, or right, has used and exercised, and still does unlawfully use and exercise, and pretends to discharge the duties of the office of moderator in said school district No. 6 for the aforesaid term of office of the relator, and claims to be the moderator of said district in place of the relator. The relator prays judgment that the respondent be ousted from said office and that the relator be declared entitled to the same.

For answer to the petition the respondent "denies that the relator was elected to the office of moderator of said school district in the year 1887, but alleges the truth to be that at the annual meeting of said district, in April, A. D. 1888, the relator was elected to the office of moderator of said district, but that he failed to qualify or to file his written acceptance of said office in the time required, or at any other time, and so respondent charges that relator never was moderator *de jure* of said district, but that he assumed to act and did act as moderator of said district from said meeting in April until the regular annual meeting of said district in June, 1889, at which time the respondent was duly elected to the office of moderator of said district for two years, and that he duly qualified as such moderator and entered upon the discharge of the duties of said office, and that he now holds such office by virtue of such election and qualification."

A general demurrer was filed to the answer, which was

sustained, and a judgment of ouster was entered against the respondent.    That decision is assigned for error.

It is insisted by the respondent that the relator was not an officer *de jure*, because he never took the usual oath of office, and failed to file with the director of the school district his written acceptance of the office of moderator.

It is conceded by the respondent that the school law contains no provision requiring a person elected to the office of moderator of a school district to take an oath of office. But it is claimed that section 1 of chapter 10 of the Compiled Statutes requires school district officers to take the usual oath of office.    That section provides that "all state, district, county, precinct, township, municipal, and especially appointed officers, except those mentioned in section 1, article 14, of the constitution, shall, before entering upon their respective duties, take and subscribe the following oath, which will be indorsed upon their respective bonds," etc. The word "district," as used in this section, refers solely to judicial district officers, and unless school district officers are municipal officers, it is apparent that they are not controlled by the provisions of said section.    While the law makes every organized school district in this state a body corporate, with power to sue and be sued, yet they are merely *quasi*-corporations, created for the purpose of education, and are not, strictly speaking, municipal corporations. The officers of all incorporated villages, towns, and cities are municipal officers and it is to these officers that the word "municipal" refers.    (1 Dillon's Municipal Corp., sec. 10 ; *Beach v. Leahy*, 11 Kan., 23.)    We are clearly of the opinion that school district officers are not required to take an oath of office.

Did the failure of the relator to file his written acceptance of the office within ten days, create a vacancy in the office? Section 3 of subdivision 3 of the school law reads as follows: "Within ten days after the election, these several officers shall file with the director a written acceptance of

the office to which they shall have been respectively elected, which shall be recorded by said director." The section contains no provision that the office shall become vacant if the acceptance is not filed. In this respect it differs from section 5 of subdivision 14 of the same act, relating to the qualification of the members of the board of education in cities. Said section 5 provides that the failure to take and subscribe the usual oath of office creates a vacancy. Section 15 of chapter 10 of the Compiled Statutes declares that if any person elected to office shall fail to execute and file his bond within the time fixed by law, his office thereupon *ipso facto* becomes vacant. It is evident that it was not the intention of the legislature that the failure of a school district officer to file his acceptance, should create a vacancy.

The object and purpose of the law requiring school district officers to file written acceptance was to apprise the public that the person elected intended to discharge the duties of the office. The pleadings show that the relator, immediately after his election, entered upon the performance of the duties of moderator, by presiding at school district meetings, countersigning orders on the county and school district treasurer for moneys belonging to his district, and discharging all other duties required of him by law for more than one year, without objection from any one. This was as much an acceptance of the trust as would have been the filing of a written acceptance. The relator therefore was a *de jure* officer and no vacancy existed at the time the respondent was elected. The judgment of the district court was right and is

AFFIRMED.

THE other judges concur.