Campbell v. Dotson.

CASE 14—ACTION TO RECOVER THE OFFICE OF JUSTICE OF THE PEACE—
May 31.

111 125|
e112 367|

# Campbell v. Dotson.

APPEAL FROM PIKE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

PUBLIC OFFICERS—HOLDING OVER—FAILURE OF SUCCESSOR TO QUALIFY—
VACANCY IN OFFICE OF JUSTICE OF THE PEACE.

Held:   Under Constitution, section 99, providing that justices of the
,peace elected in November, 1894, should "continue in office three
years, and until the election and qualification of their suc-
cessors," and that there should be an election of justices of
the peace in 1897 and every four years thereafter, one who was
elected to that office in November, 1897, having failed to qualify,
his predecessor, elected in November, 1894, was not entitled to
hold over, but there was a vacancy in the office, to be filled
by appointment until the next general election, in November,
1898, as prescribed by Constitution, section 152, which provides
for filling vacancies in all elective offices.

CHIEF JUSTICE PAYNTER AND JUDGE O'REAR—DISSENTING.

J. M. ROBERSON, ATTORNEY FOR APPELLANT.

·Appellant ·alleges in his petition that he was duly elected
to the office of justice of the peace in district No. 5 in Pike
county, at the November election, 1894; was duly qualified
and entered upon the duties of his office January 1, 1895, and
held said office until the next regular election in November,
1897, when one J. J. Wolford was elected to said office to succeed
appellant; that Wolford failed to qualify by executing bond
or taking the oath of office or receiving a commission from the
governor; that at the January term, 1898, of the Pike county
court an order was entered upon the records of said court de-
claring said office vacant and the judge of said court thereupon
appointed the appellee, Jas. L. Dotson, to fill the supposed va-
cancy, who qualified and was commissioned by the governor
and took possession of said office and the records thereof and
is yet exercising the duties pertaining thereto.   Appellant
claims that he, appellant, is rightfully entitled to hold and dis-
charge the duties of said office and that appellee is unlawfully

Campbell v. Dotson.

claiming the same, and he prays to be restored to the said office which now, rightfully belongs to him.

A demurrer was sustained to appellant's petition in the Pike circuit court, and his petition dismissed and he appeals.

AUTHORITIES CITED.

19 Am. & Eng. Ency. of Law, 432 et seq.; State v. Harrison, 113 Ind., 434; 3 Am. St. Rep., 663; Gossman v. State, 106 Ind., 203; People v. Osborne, 7 Colo., 605; State v. Howe, 25 Ohio State, 588; 18 Am., 321; Walker v. Ferrill, 58 Ga., 512; Com. v. Handley, 9 Pa. St., 513; Brightly's Lead. Cas. on Elections, 670; Stevens v. Wyatt, 16 B. M., 542, 549, 550; Const. of Ky., sec. 99.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

At the November election, 1894, appellant, A. W. Campbell, was elected a justice of the peace for magisterial district No. 5 of Pike county, and entered upon the discharge of the duties of the office. At the November election, 1897, J. J. Wolford was elected justice of the peace in the district to succeed appellant, but failed to qualify as provided by law. After Wolford failed to qualify, the county judge entered an order declaring a vacancy to exist in the office of justice of the peace for the district, and appellee, J. L. Dotson, was regularly appointed to fill the vacancy. Appellant insists there was no vacancy to be filled, and that he was still the rightful officer, under section 99 of the Constitution:

"There shall be elected in eighteen hundred and ninety-four in each county a judge of the county court, a county court clerk, a county attorney, sheriff, jailer, coroner, surveyor and assessor, and in each justice's district one justice of the peace and one constable, who shall enter upon the discharge of the duties of their offices on the first Monday in January after their election and continue in office three years, and until the election and qualification of their successors; and in eighteen hundred and ninety-

seven, and every four years thereafter, there shall be
an election in each county of the officers mentioned, who
shall hold their offices for four years (from the first Mon-
day in January after their election), and until the elec-
tion and qualification of their successors." Appellant
contends that under this section he continued in office for
three years, and until the election and qualification of his
successor, and that, as Wolford was elected and failed to
qualify, his right to the office was not interrupted. If
this contention can be maintained, then, so far as sec-
tion 99 goes, appellant would be entitled to the office
for the next four years; for, according to that section,
the election for justice of the peace is to be held every
four years thereafter. The only other section of the
Constitution under which an election may be held is 152:

"Except as otherwise provided in this Constitution, va-
cancies in all elective offices shall be filled by election or
appointment, as follows: If the unexpired term will
end at the next succeeding annual election at which either
city, town, county, district, or State officers are to be
elected, the office shall be filled by appointment for the
remainder of the term. If the unexpired term will not
end at the next succeeding annual election at which either
city, town, county, district, or State officers are to be
elected, and if three months intervene before said succeed-
ing annual election at which either city, town, county,
district, or State officers are to be elected, the office shall
be filled by appointment until said election, and then said
vacancy shall be filled by election for the remainder of
the term. If three months do not intervene between
the happening of said vacancy and the next succeeding
election at which city, town, county, district or State of-
ficers are to be elected, the office shall be filled by ap-

pointment until the second succeeding annual election at which city, town, county, district or State officers are to be elected; and then, if any part of the term remains unexpired, the office shall be filled by election until the regular time for the election of officers to fill said offices."

It will be observed that this section applies only to vacancies. If there is a vacancy in an elective office, it may be filled by appointment for the remainder of the term in certain contingencies, or by appointment until the next general election, and then by election for the remainder of the term in all other cases. But there can be no election under this section unless there is a vacancy. It therefore follows that, if there was no vacancy in the office of justice of the peace after Wolford failed to qualify, no election could be held under this section to fill the office; nor could it be held under section 99 until the end of four years. These are the only provisions of the Constitution for holding an election for the office, and, if appellant's contention is correct,—that there was no vacancy,—it will result that he gets a term of seven years, instead of three, as provided by section 99, because Wolford failed to qualify. Section 99 applies not only to justices of the peace, but to nearly all other county officers; and, if appellant's construction is correct, then all these officers, where their successors die after their election, or for any other reason fail to qualify, will get two terms instead of one. It can not be maintained that in such a case the old incumbent would hold over unitl the next regular election, and that his successor might then be elected; for there is no authority for holding an election at that time for such an office, unless there is a vacancy in it, and, if there is a vacancy, then it must be filled by appointment until that election, as was done in this case by the appointment of Dotson.

We can not believe it was intended by the Constitution to bring about any such result as appellant's contention leads to. The term of county offices is fixed at four years. Elections are required to be held every four years to fill these offices. The persons elected enter upon the duties of their offices on the first Monday in January after their election. The term of the officer expires when the term of his successor begins. He holds until the election and qualification of his successor, so that there may always be an incumbent in the office to attend to the public business. The meaning of section 99 is not different from a number of other sections. Thus, under section 73 the governor, after entering upon the duties of his office, "shall continue in the execution thereof until his successor shall have qualified." By section 91 all the other important executive State officers "hold their offices until their successors are elected and qualified." By section 93 the minor State officers hold "for a term not exceeding four years and until their successors are appointed or elected and qualified." By section 97 Commonwealth attorneys and circuit clerks "hold their respective offices for six years from the first Monday in January after their election and until the election and qualification of their successors." By section 112 the judges of this court hold "until their several successors are qualified." By section 120 it is provided that the clerk of this court "shall hold his office until his successor is elected and qualified." By section 129 circuit judges hold "until their successors are elected and qualified." All these sections mean the same thing. None of them were designed to give the incumbent two terms in case his successor died before qualifying. The aim was simply to prevent a hiatus in the office in case the new officer for any

reason failed to qualify. The Constitution fixes a defin-
ite term for each of these offices, and fixes a definite time
when the regular election to fill them shall be held.    It
also provides for filling vacancies, and requires that these
shall be filled by election, except when the unexpired por-
tion of the term is so short as to make this impracticable.
The construction urged by appellant is wholly out of keep-
ing with the spirit and purpose of the constitutional pro-
vision.    It is true, appellant holds until the election and
qualification of his successor.    His successor was elected
at the November election, 1897.    The person elected hav-
ing failed to qualify and a vacancy being adjudged to ex-
ist, the term for which he was elected became vacant, just
as much as if he had died after qualifying, but before the
time for entering upon the duties of his office; and when
Dotson was appointed to fill this vacancy, gave bond, and
took the oath, appellant's successor had been elected and
qualified, and therefore his right to the office ceased.

   At the time the Constitution was formed, it had long
been a settled rule in this State that where the person elect-
ed to an office died before qualification, or for any reason
failed to qualify, or there was no election to fill the office
at the time appointed by law a vacancy existed.    The Con-
stitution not only aims at short, definite terms, but it also
aims to vest in the people at the expiration of each term
the right to choose the incumbents of the office for the
next term; and section 152 was intended to secure this
right in all cases where the remainder of the term, in case
of a vacancy, was long enough to justify it.    In view of
all the provisions of the Constitution, and the well-set-
tled rule in the State at the time of its adoption, we have
no doubt that its framers intended by section 152 to pro-
vide for such a contingency as occurred in this case, and

that they did not contemplate that the incumbent of an office, in the case of the failure of his successor to qualify, should hold for a second term to which he had not been elected.    Judgment affirmed.

Whole court sitting.

Chief Justice Paynter, and Judge O'Rear dissenting.

Petition for rehearing by appellant overruled.

111 131
e112 129

111 131
f120 82

111 131
135 688

CASE 15—ACTION UPON AN OFFICIAL BOND—MAY 31.