**KING v. COUNTY ELECTION BOARD, COAL COUNTY, et al.**

No. 19551.  Opinion Filed July 20, 1928.

Rehearing Denied Sept. 11, 1928.

(Syllabus.)

Officers—County Commissioners — Appointment "Until Successor Elected and Qualified"—Right to File in Primary for Selection as Candidate at "Next General Election."

Where A was appointed to fill an unexpired two-year term in the office of county commissioner caused by the resignation of B, and where said term of office has expired and A continued to exercise the duties of the office by virtue of his appointment "until his successor is elected and qualified," C is entitled to file in the primary for selection as a candidate for said office "at the next general election."

Original action by Ed King for writ of mandamus against County Election Board of Coal County et al.  Writ granted.

J. H. Linebaugh and D. D. Brunson, for petitioners.

J. R. Wood, Co. Atty., Trice & Davison, Edwin Dabney, Atty. Gen., and J. Berry King, Asst. Atty. Gen., for respondents.

RILEY, J.  This is an original action wherein a writ of mandamus was sought to compel the election board of Coal county to receive and file the name of Ed King, candidate for the Democratic nomination for county commissioner, district No. 1, in said county.

The facts stipulated are as follows:

Honorable Jesse Bunch was elected county commissioner of district No. 1 of Coal county, and qualified as such officer and assumed the duties of said office in July, 1925. The term of his office specified by statute then existing was two years. Jesse Bunch was again elected to the same office in November, 1926. The term of said office had been changed by an act of the Legislature to a period of six years, and the new term of office began in July, 1927. Jesse Bunch never qualified, nor entered upon the duties of the office for the new period, but prior thereto, and on February 9, 1927, he was appointed as a member of the State Highway Commission, and he qualified and assumed the duties of said state office, and resigned as county commissioner. On February 10, 1927, Jim Bunch, of Centrahoma, was appointed by the Governor to the office of county commissioner for district No. 1, Coal county, to succeed Jesse Bunch, resigned. Jim Bunch qualified to fill out the unexpired term of office of Jesse Bunch. Jim Bunch exercised the duties of said office until the end of the term of office to which he had been appointed, which was in July, 1927, and until his successor was elected and qualified. Had Jesse Bunch qualified, his six year term would have begun in July, 1927, but Jesse Bunch failed to qualify, and Jim Bunch has continued as said county commissioner, and it is agreed that by authority of his appointment and under the law he is qualified to occupy and hold said office until his successor is elected and qualified.

It is agreed that a primary election will be held on the 7th day of August, 1928, for the purpose of nominating candidates for the various offices to be filled under the law at the November election, and that in order for one to be a candidate in the general elec-

tion it is necessary for candidates for the nomination by the respective political parties to file a petition with the county election board.

· It is further stipulated that Ed King, petitioner, within proper time prescribed by the statute, presented his proper petition to the county election board of Coal county for the filing of his name for said office, and that said board refused to receive and file his petition.

Section 10, art, 23, Constitution of Oklahoma, provides in part as follows:

"* * * Nor shall the term of any public oofficial be extended beyond the period for which he was elected or appointed; provided, that all officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

Section 138, C. O. S. 1921, provides:

"Every appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed and until his successor is elected and qualified."

Since Jim Bunch was appointed to fill the unexpired term of Jesse Bunch, the appointment held good until the expiration of the term to which he was appointed, which was in July, 1927, and for so much longer period as exists until his successor shall be elected and qualified. Jim Bunch had no right to the six year term for which Jesse Bunch was elected, save his right to serve until his successor might be elected and qualified. Jesse Bunch abandoned his new term to the county office by his failure to qualify. Sections 132 and 127, C. O. S. 1921.

Section 134, C. O. S. 1921, contains the proviso:

"Provided, however, that if the vacancy is caused by the death. resignation or removal of an elected officer, the person appointed to fill the vacancy shall be appointed from the same political party to which the officer elected belonged and **shall serve until the next general election.**"

There has been no general election in Oklahoma since November, 1926, and the next general election will be in November, 1928. We conclude, therefore, that the qualified voters of district No. 1, in Coal county, are entitled to the right to fill the office of county commissioner from that district at the next election, and it follows as a corollary that unless the county election board of Coal county is directed to permit all those who tendered their names in good faith and within the time prescribed by statute as candidates under the law, to file their names and have them printed upon the ballots at the primary, the said voters will be deprived of their right to nominate and elect a county commissioner as aforesaid.

We hold that the phrase "until his successor is elected and qualified," as used in the constitutional provision, supra, is restrictive, and that it was not intended thereby to prolong the term of office beyond a time when under the law (section 134, supra) a successor could be elected.

· Under the facts as here presented, in a sense there was no vacancy in the six year term of office which began in July, 1927, no appointment was attempted to be made and none could have been made to that term of office for the reason that Jim Bunch was the appointed incumbent and under the law he was authorized and empowered to hold until his successor was elected and qualified. Jesse Bunch having relinquished his right to the office by his failure to qualify for his new term, Jim Bunch rightfully continued to exercise the duties of his office by virtue of his appointment to the previous term. Allison v. Massey, 108 Okla. 140, 235 Pac. 192; Whaley v. Cotton, 114 Okla. 274, 246 Pac. 629; Ferguson v. Lawrence, 69 Okla. 119, 157 Pac. 1038; Burford v. Board of County Commissioners, 63 Okla. 42, 162 Pac. 780.

Respondents contend that Jim Bunch accepted his appointment just as his predecessor accepted his election; that is, Jim Bunch stands in the shoes of Jesse Bunch. We cannot see the value of such reasoning, for let us suppose that Jesse Bunch had not resigned, but had exercised the duties of his office for his two year term, then upon being re-elected for a six year term he had refused to qualify, as he did decline to qualify upon his refusal to take the oath of office for the new term of six years and to make bond as required by law and to enter upon the duties of his office, his office would have become vacant and the same would have been subject to being filled by appointment. Sections 127-132, supra. The most that can be said for the present incumbent's right to continue in the office is that he is what is commonly known as a "hold-over," and as such he is duly and legally qualified to exercise the duties of the office beyond the unexpired two year term for which he was appointed and until his successor is elected and qualified, which event may exist after the next general election.

Let the writ issue in accordance with the prayer of the petitioner.

BRANSON, C. J., and LESTER, CLARK, and HEFNER, JJ., concur.