## HOOD v. MILLER.

No. 20691. Opinion Filed June 3, 1930.

Withdrawn, Corrected, Refiled, and Rehearing Denied Sept. 16, 1930.

Hughes & Dickson, for plaintiff in error.

Miles & Miles, for defendant in error.

CULLISON, J. This case comes before this court on appeal from the district court of Beaver county, Okla.

R. M. Hood, plaintiff in error, was plaintiff in the trial court; A. B. Miller, defendant in error, was defendant in the trial court, and the parties will hereinafter be referred to as they appeared below.

The plaintiff, R. M. Hood, filed his petition in the district court of Beaver county, the allegations of which are in substance as follows:

Defendant Miller was duly elected to the office of county treasurer of Beaver county, Okla., at the general election held in November, 1924, qualified, and entered upon the duties of such office the first Monday in July, 1925, as required by law.

At the next succeeding general election, held in November, 1928, one Frank Wheeler ran against said Miller, who was a candidate to succeed himself, for said office of county treasurer. Frank Wheeler was victorious and was duly elected to succeed Miller to said office, for the term commencing on the first Monday in July, 1929.

The said Frank Wheeler, however, refused and neglected to qualify and enter upon the duties of said office on the first Monday of July, 1929, as provided by law, and thereafter and on July 11, 1929, the board of county commissioners of said county declared said office vacant and proceeded to appoint the plaintiff herein, R. M. Hood, to fill such vacancy.

Plaintiff Hood thereupon filed with the proper authorities a bond, which was duly approved, took the oath of office as county treasurer, and demanded possession of said office of defendant, Miller, who was defeated for re-election to said office by Frank Wheeler.

Miller, however, refused to turn over said office to plaintiff, contending that, as a matter of law, plaintiff had no right to such office.

At the trial the defendant filed a general demurrer to plaintiff's petition, which was by the trial court sustained and plaintiff's petition dismissed. From the order of the trial court sustaining said demurrer plaintiff appeals to this court.

Under the familiar rule of law in this jurisdiction that "a demurrer to a petition admits as true all the allegations therein contained and all reasonable inferences to be deduced therefrom," it follows that the allegations of plaintiff's petition must be taken as true and that the only question to be determined by this appeal is one of law, viz.:

Where an officer is duly elected to fill a public office for a term of years, as provided by law, and where at the next succeeding general election a successor to said first officer is duly elected to said office for the ensuing term, but said successor refuses or fails to qualify for said office as required by law, query: Does such refusal or failure to qualify create a vacancy in said office so that the same may be filled by appointment by the proper appointing authorities, or is the then incumbent of said office entitled to hold over until his successor is duly elected and qualified at the next general election?

In so far as the precise question presented by this appeal is concerned, we have, after a careful examination of the cases in this jurisdiction, found none which we deem controlling herein. Nor have counsel cited us to any decisions by this court passing squarely on the question here under consideration.

A review of the reported cases in other jurisdictions discloses that there is a sharp conflict of authority in this country as to the question now before this court.

One group of cases holds that there can be no vacancy under the facts as disclosed by the case at bar, and that the prior incumbent holds over until such office is filled at the succeeding election, such holding over being justified under the constitutional and statutory provisions that an incumbent shall hold over "until his successor is duly elected and qualified." 50 L. R. A. (N. S.) 336-381.

The view taken by the other decisions is that notwithstanding constitutional and

statutory provisions that an incumbent shall hold over until his successor is duly elected and qualified, where a newly elected officer fails or neglects to qualify as required by law, there is created a vacancy in said office subject to being filled by appointment by proper authorities. And, while the prior incumbent may hold over so as to prevent a hiatus to the detriment of the public welfare, nevertheless the holding over is a mere locum tenens, subject to displacement at any time by the appointive power. In other words, the officer "holding over" is a mere tenant at will, who can be removed without notice and without charges preferred, at the pleasure of the appointing power. 50 L. R. A. (N. S.) note 336-381, and cases cited therein.

Both lines of authority, however, agree that the office is never considered as without anyone to perform the duties thereof, but in one case there is no vacancy subject to being filled by appointment, while in the other case there is a vacancy created subject to being filled by appointment.

An examination of the reported cases affirmatively discloses that the courts adhere to the one view or to the other, depending primarily upon whether, in the particular jurisdiction, there is an express statutory provision that, "in case of the failure of a person elected to an office to qualify within a fixed time after such election, the office shall become vacant." In re Advisory Opinion to the Governor, 31 Fla. 1, 12 So. 141, 18 L. R. A. 594; Frans v. Young, 30 Neb. 360, 46 N. W. 528, 27 A. S. R. 412.

The answer to the interrogatory in the instant case then necessitates a construction of the sections of our Constitution and statutes relative thereto.

Section 10, art. 23, Constitution of Oklahoma, provides:

"* * * All officers within this state shall continue to perform the duties of their offices until their successors shall be duly qualified."

The framers of our Constitution obviously inserted this provision therein in order to prevent a hiatus in a public office, which would necessarily work as a detriment and inconvenience to the public welfare. King v. County Election Board, Coal County, 132 Okla. 137, 270 Pac. 6.

Section 127, C. O. S. 1921, provides:

"If any person elected to an office mentioned in the preceding section shall fail to qualify and enter upon the duties of such office, * * * such office shall be deemed vacant and shall be filled * * * by the authority provided by law to fill such vacancy. * * *"

Under section 126, C. O. S. 1921 (the preceding section referred to in section 127, supra), the office of county treasurer is one of the offices mentioned and subject to the provisions of section 127, supra.

Section 132, C. O. S. 1921, provides in part:

"Every office shall become vacant on the happening of either of the following events before the expiration of the term of such office: * * * Second * * * Failure to qualify as required by law."

Section 134, C. O. S. 1921, provides:

"All vacancies in office, except in offices of the members of the Legislature, shall be filled by appointment, as follows: * * * Second: In county offices, in newly organized counties where no election has been held, by the Governor; Third: in all other county offices, by the county commissioners. * * *"

It is not questioned herein that, if the plaintiff is entitled to said office of county treasurer, the board of county commissioners of Beaver county have the right to make such appointment. That our statute vests in the boards of county commissioners the right to make such appointments, was recognized by this court in the case Ferguson v. Lawrence, 69 Okla. 119, 157 Pac. 1038, wherein the court held:

"Where the office of county treasurer becomes vacant by death, resignation, or other cause, it is the duty of the board of county commissioners to appoint a person to fill the vacancy until the commencement of the next regular term."

The plaintiff herein predicates his right to the office in question upon the provisions of section 127, supra.

The defendant in turn bases his right to occupy said office, as what is commonly termed a "hold-over," upon the provisions of chapter 121, S. L. 1923-24, under which statute defendant was elected, and which provides in part as follows:

"Section 1, * * * At the general election to be held in November, 1924, and each four (4) years thereafter, there shall be elected in each and every county of the state of Oklahoma, a * * * county treasurer * * * who shall hold office for a term of four (4) years, beginning * * * on the first Monday in January following their election, and until their successors are elected and qualified." (Emphasis ours.)

The defendant contends that section 1, ch. 121, S. L. 1923-24, supra, providing for the election of county treasurers and further providing that they shall hold office for a specified time (four years), "and until their

successors are elected and qualified," repeals by implication section 127, C. O. S. 1921, supra, which provides that "if any person elected to any office * * * fails to qualify * * * such office shall be deemed vacant and shall be filled * * * by the authority provided by law to fill such vacancy."

We are of the opinion this contention by defendant is not well taken.

Chapter 121, S. L. 1923-24, does not contain a specific repealing clause as to section 127, supra; it contains a general repealing clause, repealing all laws and parts of laws in conflict therewith.

It is a well-settled principle of statutory construction that repeals by implication are not favored. If a later act, not repugnant to the earlier act and containing no negative words, is not clearly intended to cover the whole ground of the earlier, there is no implied repeal. Beals v. Hale, 4 How. 37, 11 L. Ed. 865.

The presumption is always against the intention to repeal by implication, where express terms are not used, and the courts will not hold to a repeal if they can find reasonable ground to hold to the contrary. 25 R. C. L. 917.

Both of these acts (section 127, supra, and chapter 121, S. L. 1923-24, supra) therefore should be harmonized if possible, and effect given to the intention of the lawmakers. Perrine v. State, 72 Okla. 18, 178 Pac. 97; Union Saving Ass'n v. Burns, 74 Okla. 1, 176 Pac. 227; 25 R. C. L. 917.

The general purpose of the provision contained in chapter 121, S. L. 1923-24, extending the term of office "until a successor shall be appointed and qualified," is merely to provide against any inconvenience that otherwise might arise from a vacancy in an office occurring after the expiration of a term and before the qualification of a successor. 50 L. R. A. (N. S.) 365.

In King v. County Election Board, Coal County, 132 Okla. 137, 270 Pac. 6, this court held that the phrase "until his successor is elected and qualified" is restrictive and that it was not intended thereby to prolong the term of office beyond a time when under the law a successor could be elected.

And in Prowell v. State, 142 Ala. 80, 39 So. 164, the court there said they regarded it as the settled rule of law that the words "until his successor is elected and qualified" were never intended to prolong the term of office beyond a reasonable time after the election to enable the duly elected officer to qualify, so that the prior incumbent cannot by virtue of such clause alone hold the office after his successor has been elected and commissioned.

It is clear to us that the provision embodied in chapter 121, S. L. 1923-24, that an incumbent shall hold his office "until his successor is elected and qualified," does not have the effect to prolong the term indefinitely, but only for a reasonable time for his successor to qualify. If such successor refuses or neglects to qualify as provided by law, then, under the provisions of section 127, supra, "such office shall be deemed vacant and shall be filed * * * by the authority provided by law to fill such vacancy."

Section 127, supra, in clear and unambiguous language provides that when an officer fails to qualify for office, then such office "shall be deemed vacant" and be filled by the proper appointing authorities. The provision of chapter 121, supra, that an incumbent shall hold office "until his successor is elected and qualified," is purely a designation of authority by the Legislature to an office holder authorizing him to remain as a "hold-over" in such office from the date of the expiration of his term of office and "until his successor is elected and qualified," or, in the absence of the qualification of such successor, then the prior incumbent may remain in office until such time as said office is declared vacant and filled through appointment by the proper authorities.

The defendant in his brief, at page 12, further states:

"The position the defendant takes herein is simply that no vacancy occurs. No contention will be made that if a vacancy occurred authorizing the board of county commissioners of Beaver county to make an appointment to the office of county treasurer of said county, that the plaintiff herein was not duly appointed, according to law."

In those states having statutes similar to ours (section 127, and ch. 121, supra) the rule is generally accepted that the failure of a person elected to an office to qualify causes a "vacancy" which may be filled by the proper appointing authorities, notwithstanding the statutory provision that the incumbent may hold over until his successor is elected and qualified.

In Alabama the rule prevails that the provision for an incumbent to hold office until his successor is elected and qualified does not have the effect to prolong the term indefinitely, but only for a reasonable time for his successor to qualify; and, if he fails to qualify within such time, there will be a "vacancy." 50 L. R. A. (N. S.) 371; Montgomery v. Hughes, 65 Ala. 201; State ex rel.

Covington v. Thompson, 142 Ala. 98, 38 So. 679.

In Virginia the rule is adhered to that the failure of the person elected to qualify causes a vacancy which may be filled by appointment notwithstanding the incumbent might hold over. Childrey v. Rady, 77 Va. 518; Owens v. O'Brien, 78 Va. 116.

In Kentucky it is held that the failure of a newly elected officer to qualify creates a vacancy which may be filled by appointment although under the provisions of the Constitution the present incumbent was entitled to hold over until his successor was elected and qualified. Campbell v. Dotson, 111 Ky. 125, 63 S. W. 480.

In Wisconsin the rule prevails that where a person newly elected refuses to qualify, the office for that term becomes vacant and an appointment may be made, although to prevent an interregnum the old incumbent is authorized for the time to perform its functions, so that under such circumstances there may be a lawful holding of the office by the old incumbent as of the new term, while a vacancy actually exists as to the new term. State ex rel. Finch v. Washburn, 17 Wis. 658.

In the case Adams v. Doyle, 139 Cal. 678, 73 Pac. 582, the California court held to the view that the failure of a person duly elected to qualify for his office creates a vacancy to which the proper appointing power may, after the term for which the election was held has begun, make an appointment as against the prior incumbent who was elected for a fixed term "and until his successor was elected and qualified."

In the case of County of Scott, Minnesota, v. Ring (Minn.) 13 N. W. 181, the Supreme Court of Minnesota, in construing section 2 of the Minnesota General Statutes, 1879, providing in part, "every office shall become vacant on the happening of either of the following events before the expiration of the term of such office; * * * Sixth, his refusal or neglect to take his oath of office"; and section 11 of said statutes, providing, "when a vacancy is authorized to be filled by appointment, such appointment shall continue * * * until a successor is elected and qualified"—said:

"The statute contemplated that, at the end of two years from March 1, 1878, Ring would be succeeded in the office by a person elected for the term then to commence (March 1, 1880). But the person elected as such successor might fail to qualify, and hence not be entitled to enter upon the discharge of the duties of the place. The Legislature saw fit to make express provision

for such case; and instead of leaving the former incumbent to remain in office until a succeeding election, as might have been done by chapter 9, above recited, it was enacted that upon such event occurring the office shall 'become vacant.' By force of section 147, c. 8, it then became the duty of the board of county commissioners to fill the vacancy by appointment."

The rule laid down by these and many other decisions, that (notwithstanding a statutory provision that an incumbent shall hold over until his successor is duly elected and qualified) where the statute expressly provides in case of the failure of a person elected to an office to qualify within a fixed time after such election, such office shall become vacant and subject to appointment by the proper appointing authorities, is sound both in reason and law.

Obviously the general purpose of the statute providing the incumbent shall hold his office "until his successor is elected and qualified" is to prevent an interregnum to the inconvenience and detriment of the public welfare.

Likewise the statute providing that a vacancy occurs where the officer elected refuses or neglects to qualify, was quite probably enacted to put beyond the power of the officer elected, the power to perpetuate his predecessor in office by any act of commission or omission on his part.

This court in the case King v. County Election Board, Coal County, 132 Okla. 137, 270 Pac. 6, in passing on a question in many respects germane to the question here under consideration, held:

"Where A. was appointed to fill an unexpired two-year term in the office of county commissioner caused by the resignation of B., and where said term of office had expired and A. continued to exercise the duty of the office by virtue of his appointment 'until his successor is elected and qualified,' held, C. is entitled to file in the primary for selection as a candidate for said office at the next general election."

In commenting upon the position taken by respondents in that case, Mr. Justice Riley, speaking for the court, said:

"Respondents contend that Jim Bunch accepted his appointment just as his predecessor accepted his election; that is, Jim Bunch stands in the shoes of Jesse Bunch. We cannot see the value of such reasoning, for let us suppose that Jesse Bunch had not resigned, but had exercised the duties of his office for his two-year term, then upon being re-elected for a six-year term he had refused to qualify, as he did decline to qualify, upon his refusal to take the oath of office for the new term of six years and to

make bond as required by law and to enter upon the duties of his office, **his office would have become vacant and the same would have been subject to being filled by appointment.** Sections 127-132, supra. The most that can be said for the present incumbent's right to continue in the office is that he is what is commonly known as a 'hold-over,' and as such he is duly and legally qualified to exercise the duties of the office beyond the unexpired two-year term for which he was appointed and until his successor is elected and qualified, which event may exist after the next general election."

However, in King v. County Election Board, etc., supra, the court did not pass upon the question here presented, namely, the right of a prior incumbent of an office to hold said office after his term has expired, as against one appointed to said office in the place of the prior incumbent's successor who has failed to qualify as required by law.

We have examined the authorities relied upon by the defendant, none of which construe and apply the sections of our statutes here under consideration as applied to facts as in the case at bar. The cited cases are not controlling herein and a discussion of the same would serve no useful purpose.

In view of what we have herein said, we are of the opinion, and hold, that under the provisions of section 127, C. O. S. 1921, a vacancy was created in the office of the county treasurer of Beaver county by reason of the failure of Frank Wheeler to qualify as required by law, and that the plaintiff herein, having been duly appointed by the board of county commissioners of said county and having qualified therefor, is entitled as a matter of law to occupy and hold said office for the period covered by said appointment, not to extend beyond the next general election for said office and the election and qualification of a successor to said office.

In accordance with the views herein expressed, we therefore hold:

Where an officer is duly elected to fill a public office for a term of years, as provided by law, and where at the next succeeding general election a successor to said first officer is duly elected to said office for the ensuing term, and said successor refuses or fails to qualify for said office, as required by law, such refusal or failure to qualify creates a vacancy in said office, notwithstanding a statutory provision that an incumbent shall hold "until his successor is duly elected and qualified," and the vacancy created in said office may be filled by appointment through the proper appointing authorities, and the person so appointed is entitled to hold said office as against the prior incumbent thereof.

The judgment of trial court in sustaining the defendant's demurrer to plaintiff's petition is hereby reversed, and the cause remanded, with directions to the trial court to overrule defendant's demurrer, and to proceed in accordance with the views herein expressed.

LESTER, V. C. J., and HUNT, HEFNER, CLARK, and ANDREWS, JJ., concur. MASON, C. J., and RILEY and SWINDALL, JJ., absent.