OPINION — AG — (1) THE TERM MEMBER OF AN INDIAN TRIBE WHOSE TERM HAS EXPIRED IS STATUTORILY AUTHORIZED TO REMAIN SEATED AS A MEMBER OF THE COMMISSION UNTIL HIS SUCCESSOR IS APPOINTED AND QUALIFIED. (2) THE TERM " AND QUALIFIED " IN 74 O.S. 1975 Supp., 1201 [74-1201] REFERS TO THE VARIOUS QUALIFICATIONS SET FORTH THROUGHOUT THE ACT AND IN 51 O.S. 1971 1 [51-1] (3) THE APPOINTMENT AND SENATE CONFIRMATION OF A SECOND TRIBAL MEMBER IS A NULLITY WHILE ONE TRIBAL MEMBER HOLDS A SEAT ON THE COMMISSION. (4) THE FIRST APPOINTED TRIBAL MEMBER IS STATUTORILY ENTITLED TO REMAIN SEATED AS A MEMBER OF THE INDIAN AFFAIRS COMMISSION UNTIL HIS SUCCESSOR IS DULY APPOINTED AND QUALIFIED. (OFFICERS STATE OFFICERS AND EMPLOYEES) CITE: ARTICLE XXIII, SECTION 10, OPINION NO. 78-449 (SECURING PROPER BOND AND OATH) (MICHAEL L. BARDRICK) FILENAME: m0010002 George Poolaw, Chairman, Oklahoma Indian Affairs Commission Attorney General of Oklahoma — Opinion December 24, 1980 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions. (1) Whether an enrolled member of an Indian Tribe, whose term of membership ended on August 15, 1979, is statutorily authorized to remain seated as a member of the Commission until his successor is appointed and qualified? (2) What precisely did the Legislature intend when it included the phrase "and qualified" in 74 O.S. 201 [74-201] (1975)? (3) Whether the appointment and Senate confirmation of another enrolled member of the same Tribe was valid in light of the statutory prohibition against successor appointments being restricted to not more than one representative of any Tribe? (4) Assuming your opinion indicates one (1) of the two (2) members are out of statutory compliance, which member is statutorily authorized to remain seated as an official member of the Oklahoma Indian Affairs Commission? The statute creating the Oklahoma Indian Affairs Commission is 74 O.S. 1201 [74-1201] (1975). 74 O.S. 1201 [74-1201] provides that the Commission shall consist of nine (9) members appointed by the Governor, by and with the advice and consent of the Senate. After initial appointment, members shall be appointed and shall serve "for terms of three (3) years and until their successors are appointed and qualified". 74 O.S. 1201 [74-1201] (1975) further provides: ". . . however, that in appointing members of the Commission to succeed those initially appointed, appointments shall be restricted to not more than one representative of any tribe." The facts given indicate that an enrolled member of an Indian Tribe had his Commission term expire on August 15, 1979. However, no successor has been appointed for his seat on the Commission. The Order of Appointment indicates that the new Commission appointee was to specifically succeed the seat of an enrolled member of a Tribe different from that of the expired-term member. The statute in question, 74 O.S. 1201 [74-1201] (1975), provides that the term shall be for "three (3) years and until their successors are appointed and qualified". The language is consistent with Okla. Const., Article XXIII, Section 10 which, in pertinent part reads: ". . . nor shall the term of any public official be extended beyond the period for which he was elected or appointed: Provided, that all officers within this State shall continue to perform the duties of their offices until their successors shall be duly qualified." The Oklahoma Supreme Court in Hood v. Miller, Okl.,291 P. 504 (1930), held that Article XXIII, Section 10 prolongs the term only for a reasonable period of time. See Atty. Gen. Op. No. 78-449. In light of the above authorities, as well as the statutory language itself, it becomes plain that the first enrolled member of any given Tribe continues to be validly seated until the time that a successor is properly appointed to succeed his seat. Your second question asks what the Legislature intended when it used the words "and qualified" in 74 O.S. 1201 [74-1201] (1975). The term "and qualified" refers to the statutory scheme set forth in 51 O.S. 1 [51-1] et seq. (1971), concerning state officers. Securing a proper bond and taking the oath required by the Oklahoma Constitution are among the qualifications required for public officers and appointees. See State v. Oakes, Okl., 281 P.2d 749 (1955). Furthermore, several qualifications are set forth in the Act itself. Thus, in answer to your second question, the term "and qualified" in 74 O.S. 1201 [74-1201] means meeting the requirements in 51 O.S. 1 [51-1] et seq. (1971) and the various requirements set out in the Act itself. The gist of your third question asks whether the appointment and Senate confirmation of another member of the same Tribe was valid in light of the statutory prohibition against successor appointments being restricted to not more than one representative of any Tribe. As determined in your first question, the first appointed Tribal Member on the Commission, although holding an expired seat, is still properly seated until a successor is appointed to fill his seat. Because an enrolled member of one specific Tribe holds a valid seat on the Commission, another enrolled member of the same Tribe may not be seated concurrently on the Commission. 74 O.S. 1201 [74-1201] specifically provides that the terms of members shall be for three (3) years and until a successor is appointed and qualified. Furthermore, 74 O.S. 1201 [74-1201] mandates that ". . . appointments shall be restricted to not more than one representative of any tribe." Emphasis added The appointment of an enrolled Tribal Member is only proper when there is but one member of that particular Tribe on the Commission. Because the second Tribal Member was appointed to succeed the seat of an Indian of a different Tribe, and not the expired seat of a member of the same Tribe, the appointment of the second Tribal Member to the Commission was prohibited. Your fourth question inquires as to which of the two members of the same Tribe is properly seated on the Commission. Based on the above statutes and existing law, it is evident that the first appointed Tribal Member is properly seated until the time his seat is appointed a successor. The second Tribal Member appointment was prohibited and therefore a nullity. 74 O.S. 1201 [74-1201] (1975). It is, therefore, the official opinion of the Attorney General that, (1) An enrolled member of an Indian Tribe whose term has expired is statutorily authorized to remain seated as a member of the Commission until his successor is appointed and qualified. (2) The term "and qualified" in 74 O.S. 1201 [74-1201] refers to the various qualifications set forth throughout the Act itself and in 51 O.S. 1 [51-1] et seq. (1971). (3) The appointment and Senate confirmation of a Second Tribal Member is a nullity while one Tribal Member holds a seat on the Commission. (4) The first-appointed Tribal Member is statutorily entitled to remain seated as a member of the Indian Affairs Commission until his successor is duly appointed and qualified. (MICHAEL L. BARDRICK) (ksg)