## T. B. FINLEY v. SAM COMBS.

(Filed February 5, 1903.)

**COUNTY TREASURER—Term of Office Begins, When.**  The plaintiff was elected to the office of County Treasurer of Kiowa County at the November, 1902 election.  **Held:**  That, under section 1, article 5, chapter 11 of the Session Laws of 1899, his term of office does not begin until the first Monday in October, 1903.

(Syllabus by the Court.)

*Original Proceeding in Mandamus.*

*Shepherd & Terral,* for relator.

*L. M. Keys* and *Frank Hall,* for respondent.

### STATEMENT OF FACTS.

This is an original action in this court to obtain a writ of mandamus to compel the defendant to turn over to the plaintiff the property, money, paraphernalia, and effects belonging to the office of county treasurer of Kiowa county.   The petition, among other things, alleges that the plaintiff at the November, 1902, election, was elected treasurer of Kiowa county; that a certificate of election was issued to him, and that he has duly qualified; that upon the organization of Kiowa county, and under the provisions of the act of congress approved March 3, 1901, the governor of Oklahoma appointed and commissioned the defendant as treasurer of Kiowa county, to serve until his successor was elected and qualified; that the term of office for which the defendant was appointed ex-

pired when the plaintiff received a certificate of election, gave bond and took the oath of office; that the defendant retains possession of the office and of the money, property and effects belonging thereto, and refuses to deliver the same to the plaintiff; that the plaintiff is entitled to the immediate possession and control of the same; that the plaintiff is entirely without a remedy at law, and prays that a peremptory writ of mandamus issue against said defendant, compelling him to turn over the said office of treasurer of said county, together with the property, money and paraphernalia belonging thereto.

To this petition the defendant has filed a general demurrer, together with a stipulation of the parties that the case shall be submitted to the court upon the petition and the demurrer, without brief or argument. Writ denied and cause dismissed.

Opinion of the court by

PANCOAST, J.: There seems to be but one question in this case, viz: When does the term of office of the plaintiff who was elected county treasurer of Kiowa county at the November election, begin? The contention of the plaintiff seems to be that the defendant's term of office terminated upon the election, giving bond, and taking the oath of office by his successor, and that the plaintiff's term of office commenced immediately upon such qualification; while the defendant claims that his appointment was for the term ending on the first Monday in October, 1903, and that it was for the term commencing on that day that the plaintiff was elected. To determine this question, it will be necessary to consider two or three sections of the statute.

First, the act of congress of March 3, 1901, provides that the governor shall appoint the county and township officers made necessary by the laws of the territory of Oklahoma, who shall hold their respective offices until the officers elected by the people at the general election next following the opening shall have qualified.  It is upon the construction of the language here used that the plaintiff claims the right to the office at the present time, instead of being required to wait until the first Monday in October next, as provided by the Session Laws of 1899, as the time at which the term of office of county treasurers shall begin.

Section 3466 of the Statutes of 1893, provides:

"All vacancies, except where otherwise specifically provided for, and except in the offices of the members of the legislative assembly, shall be filled by appointment, as follows:

"First. In territorial and county offices, by the governor.

"Second. In township offices by the board of county commissioners."

Section 3467 of the Statutes of 1893, provides:

"If a vacancy occurs within thirty days previous to an election day at which it may be filled, no appointment shall be made unless it be necessary to carry out said election and the canvass of the same according to law; in that case an appointment may be made at any time previous to said election to hold until after said election or until his successor is elected and qualified."

Section 3468 of the Statutes of 1893, reads as follows:

"Appointments made under the provisions of this act shall be made in writing, and made to continue until the

next general election at which the vacancy can be filled, and until a successor is elected and qualified, to be filed with the secretary of the territory, or in the proper county offices, respectively."

It seems to be contended that the election and qualification of the plaintiff to the office of county treasurer of Kiowa county caused a vacancy to exist in the office, and that the term of office of the defendant, he being an appointive officer, expired upon the plaintiff's giving bond and taking the oath of office. We cannot uphold this view. The law specifically provides that all vacancies in county offices shall be filled by appointment by the governor. There is no provision whatever for an election to fill a vacancy, except in the case provided in section 3467, where the vacancy occurs within thirty days previous to the election.

The language of congress authorizing the governor to appoint officers for the new counties was not intended to change the term of office or the statutes providing for the appointment of officers, and the terms for which they hold their offices. The language used, providing that they shall hold their offices until the officers elected by the people at the general election next following the opening shall have qualified, simply means that the people of the county should have the right, as soon as opportunity offered under the provisions of the territorial statutes, to fill these offices by election. It was not intended to be any restriction upon, or change of, any term of office then provided for by the statutes of the territory.

When the plaintiff gave bond and took the oath of office, there was no vacancy in the office of county treasurer of Kiowa county, nor was the election held to fill any vacancy, or

any term other than the one commencing on the first Monday in October, 1903. Even if there had been a vacancy, the plaintiff was not elected to fill it. The fact that the plaintiff has given bond and has taken the oath of office, does not qualify him at this time. At the most, it only qualifies him to hold the office of county treasurer for the term commencing on the first Monday in October, next. The language used by the legislature in section 1, article 5, chapter 11 of the Session Laws of 1899, is very specific in its terms. It reads as follows:

"The term of office of the county treasurer elected in each county at the general election in the year nineteen hundred, and at each general election thereafter, shall commence on the first Monday in October after his election."

The plaintiff was elected under this section, to fill the term of office commencing on the first Monday in October after his election, which is the first Monday in October, 1903, not for a term commencing immediately upon his giving bond and taking the oath of office, or at any other time than on the first Monday in October after his election. Whatever may be the condition of the office at the present time, or whoever may be entitled to hold it, even conceding that the defendant is not entitled to hold the office at the present time, the plaintiff is in no position to claim the office, because his term of office does not commence until the first Monday in October next.

The cases of *Ash v. McVey*, 36 Atl. 440; *Smith v. Cosgrove*, 44 Atl. 73; *Jackson v. City of Richmond*, 56 S. W. 501; *Hoke v. Richie*, 38 S. W. 132; *Smith v. Bryan*, 40 S.

E. 652; and *State v. Tallman*, 64 Pac. 759, are all cases bearing upon the proposition herein involved, and sustain the conclusion that we have reached. The demurrer to the petition must therefore be sustained, the writ denied, and the cause dismissed at the cost of the plaintiff.

Hainer, J., dissenting; Beauchamp, J., and Irwin, J., absent; all the other Justices concurring.