## FERGUSON v. LAWRENCE.

No. 5084—Opinion Filed Jan. 4, 1916.

On Petition for Rehearing, June 6, 1916

Second Petition for Rehearing Denied Feb. 5, 1918.

(157 Pac. 1038.)

### 1. Counties—Officers—Term of Office.

L. was appointed county treasurer by the board of county commissioners to fill an unexpired term. At the fall election of 1912 F. was elected for the succeeding term and demanded the office immediately after the election. Held, that F. was elected for the term beginning the first Monday in July, 1913, and, there being no vacancy at the time of the election, he had no right to the office until the beginning of the term for which he was elected.

(Syllabus by Hatchett, C.)

On Petition for Rehearing.

### 2. Officers—Nature of Right to Office—Statutory Provisions.

The right to hold office is given to a party by statute, and no person will be permitted to qualify as an officer unless the statutory provisions are complied with.

### 3. Counties—Officers—Filling Vacancies.

Where the office of county treasurer becomes vacant by death, resignation, or other cause, it is the duty of the board of county commissioners to appoint a person to fill the vacancy until the commencement of the next regular term.

(Syllabus by Crump, C.)

Error from District Court. Stephens County; Frank M. Bailey, Judge.

Action by A. B. Ferguson against C. T. Lawrence. Judgment for defendant, and plaintiff brings error. Affirmed.

Burns & Sandlin, for plaintiff in error.

Womack & Brown, for defendant in error.

Opinion by HATCHETT, C. The plaintiff, A. B. Ferguson. instituted this suit in the district court of Stephens county against the defendant, C. T. Lawrence, alleging that about the 1st of February, 1912, the defendant was appointed by the county commissioners to the office of county treasurer, the same having theretofore become vacant; that at the general election on the 5th of November, 1912. the plaintiff was elected to the office of county treasurer, and on the 7th of November, 1912, duly qualified and filed his bond and demanded the office of the defendant, but the defendant refused to turn it over to him. The defendant filed a general demurrer to the petition, which was by the court sustained, and the plaintiff has appealed to this court. There is but one

question to determine; that is: Did the plaintiff have the right to take charge of the office immediately after the election, or was he required to wait until the first Monday in July thereafter?

Section 19, c. 69. page 137, Session Laws 1910, after fixing the term of their office. provides:

"That the county treasurer and superintendent of public instruction shall hold office until the first Monday in July, 1913, and thereafter their terms of office shall be for two years, and until their successors are elected and qualify."

Under that section ordinarily the term of office of the plaintiff would begin on the first Monday in July, 1913, but he contends that the defendant's term of office expired on the date of the election, to wit, November 5, 1912, under a provision of section 4798, Snyder's Statutes 1909, as follows:

"Provided, however, that if the vacancy is caused by the death, resignation or removal of an elective officer, the person appointed to fill the vacancy shall be appointed from the same political party to which the officer elected belonged, and shall serve until the next general election."

And he argues that on the date of the general election the office of county treasurer became vacant because of the expiration of the defendant's term, and that under section 4786, Snyder's Statutes. as follows:

"But if the office to which any person is elected be vacant at the time of the election, even if he was not elected to fill the vacancy, he shall forthwith qualify and enter upon the duties of his office"

—he had a right to the office.

Section 10, art. 23, of the Constitution, among other things, provides:

"That all officers within this state shall continue to perform the duties of their office until their successors shall be duly qualified."

The defendant contends that the term "next general election," as used in section 4798, means until the regular time for installing officers after such election, but under our view it is not necessary to decide that question. We think that under the provision of the Constitution quoted all officers whether elected or appointed continue to perform the duties of their offices until their successors qualify under the law. Therefore there was no vacancy in the office of county treasurer at the time the plaintiff was elected. Finley v. Combs, 12 Okla. 497, 71 Pac. 625; State ex rel. Richardson v. Henderson, 4 Wyo. 535, 35 Pac.

517, 22 L. R. A. 751; Badger et al. v. U. S. ex rel. Bolles, 93 U. S. 599, 23 L. Ed. 991; People v. Tilton, 37 Cal. 624; Pruitt v. Squires, 64 Kan. 855, 68 Pac. 643; State v. Tallman, 24 Wash. 426, 64 Pac. 759.

The plaintiff was not elected to fill out any unexpired term, and we are unaware of any statute providing for the election of a county officer to fill an unexpired term. So he had no right to take charge of the office before the term for which he was elected began, unless there was a vacancy at the the time of the election. Having held that the office was not vacant at the time, the judgment of the trial court in sustaining the demurrer was correct.

Under section 4282, Revised Laws 1910, which provides:

"Every appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed, and until his successor is elected and qualified"

—the law now is perfectly clear, but it is not necessary for us to decide whether that section was the law at the time this suit was brought, for under the provisions of the statutes and the Constitution above referred to we have arrived at the same conclusion. We therefore recommend that the judgment of the district court of Stephens county be affirmed.

By the Court: It is so ordered.

On Petition for Rehearing.

Opinion by CRUMP, C. This is an action commenced in the district court of Stephens county, Okla., by A. B. Ferguson, plaintiff in error, against C. T. Lawrence, defendant in error, to have the district court of Stephens county, Okla., declare the office of county treasurer of Stephens county, Okla., vacant and the plaintiff in error put in said office as the duly elected, qualified, and acting county treasurer of Stephens county, Okla. A demurrer was filed to the petition of plaintiff in error, and plaintiff in error elected to stand upon said demurrer and prosecute his appeal to this court. This cause was regularly submitted and an opinion rendered by Commissioner Hatchett, upholding the trial judge in sustaining the demurrer to the petition of plaintiff in error. A petition for rehearing was filed, and the cause submitted to this court on the petition for rehearing and the record.

Section 19, c. 69, p. 137 of Session Laws of 1910 provides that:

"The county treasurer and superintendent of public instruction shall hold office until the first Monday in July, 1913, and thereafter their terms of office shall be for two years, and until their successors are elected and qualified."

This is a plain provision of the statute regulating the term of office which the county treasurer of any county may hold, and, if a vacancy occurs during the term of office for which he was elected, it is the duty of the board of county commissioners to appoint a person to fill out the unexpired term.

The plaintiff in error ran for office of county treasurer, and was duly elected, but his term of office did not begin until the first Monday in July, 1913, at which time the term of the defendant in error expired.

Had the plaintiff in error failed to qualify, the defendant in error would have remained county treasurer of Stephens county, Okla., beginning the first Monday in July, 1913, until the plaintiff in error was elected and qualified. There is nothing plainer to our minds than that the decision affirming the action of the lower court is correct, and the petition for rehearing is therefore denied.

By the Court: It is so ordered.