### BURFORD v. BOARD OF COM'RS OF LINCOLN COUNTY et al.

No. 7565—Opinion Filed Jan. 9, 1917.

(162 Pac. 780.)

(Syllabus by the Court.)

**1. Officers—Appointed to Fill Vacancy—Statute—Term of Officer.**

Section 4278, Rev. Laws 1910, making the term of an officer appointed to fill a vacancy continue "until the next general election," being in conflict with section 4282 of the statutes, providing that "every appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed, and until his successor is elected and qualified," the former provision, because of its prior enactment in a previous statute, though carried forward in the revision without material change, must give way to the latter provision, first contained in the revision; the latter being the latest expression of the legislative will.

**2. Same.**

B. having been appointed to fill the vacancy in office caused by the death of C., and being entitled to hold the office until the end of the term for which C. was elected, there was, prior to the expiration of said term, no vacancy in the office within the meaning of section 4269, Rev. Laws 1910, whereby H., the newly elected officer, was entitled, upon qualifying, to enter upon the duties of said office.

**3. Same—Constitutional Provision.**

Section 4282, Rev. Laws 1910, is not repugnant to section 13, art. 6, of the Constitution, as the latter only provides that an officer appointed to fill a vacancy shall continue in office until a successor shall have been duly elected and qualified, "unless otherwise provided by law"; and the Legislature having, by the adoption of the Revised Statutes, "otherwise provided," no conflict exists.

Error from District Court, Lincoln County; Charles B. Wilson, Jr., Judge.

Proceeding by W. R. Burford against the Board of County Commissioners of Lincoln County, Okla., and E. W. Hoyt. Judgment against plaintiff and in favor of the Board and judgment against such Board in favor of defendant Hoyt, and plaintiff brings error. Reversed and remanded, with instructions.

Erwin & Erwin, for plaintiff in error.

Hoffman & Harris, E. A. Foster, and Streeter Speakman, for defendants in error.

SHARP, C. J. This case presents error from the district court of Lincoln county. April 11, 1914, Jacob F. Collar, county commissioner of the Second commissioners' district of said county, died. Thereafter the Governor appointed W. R. Burford, plaintiff in error, as his successor in office. Burford duly qualified on April 18, 1914, and entered upon the discharge of the duties of his office, and continued to so act until the first Monday in January, 1915. At the regular November, 1914, election, E. W. Hoyt was duly elected commissioner from the Second commissioners' district to fill the regular term of office beginning January, 1915. After receiving his certificate of election, in the month of November, Hoyt filed his official bond, which was approved by the county judge, took the oath of office, and attempted to enter upon the discharge of the duties of the office to which he had been elected, basing his action on section 4269, Rev. Laws 1910, which provides that:

"If the office to which any person is elected be vacant at the time of his election or becomes vacant before his time for qualifying, even if he were not elected to fill the vacancy, he shall forthwith qualify and enter upon the duties of his office."

Under the claim that his appointment was for the unexpired term of Collar, Burford continued in office and exercised the prerogatives thereof until the expiration of the term.

The case involves the emoluments of the office during the month of December, 1914, and depends upon the length of the term of office for which Burford was appointed. The trial court found that Burford, after

the qualifications and giving of bond by Hoyt, in November, was not entitled to further fill the office of county commissioner, or to the salary or expenses connected therewith after said date.

Originally it was provided in section 3832, Stats. Okla. 1890, that vacancies in territorial and county offices should be filled by appointment of the Governor, and by section 3834 such appointments were made to continue until the next general election at which the vacancy could be filled, and until a successor was elected and qualified. Section 3832 was amended by the act of the Legislature approved February 18, 1895 (Sess. Laws 1895, pp. 94-99), in which it was provided, among other things, that in making an appontment to fill a vacancy caused by the death, resignation, or removal of an elected officer the person appointed to fill the vacancy should be from the same political party to which the officer elected belonged, and should serve until the next general election. Section 7 of the act, with unimportant changes, constitutes section 4798, Comp. Laws 1909. Section 3834, Stats. Okla. 1890, is the same as section 4801, Comp. Laws 1909, except the reference to the Secretary of State instead of the Secretary of the Territory. This section, it seems, in the Revised Laws of 1910, was divided into two sections, numbered 4280 and 4282. The requirement that appointments made under the provisions of the act should be in writing, and filed with the Secretary of State, or with the proper county officer, as contained in the old statute, was carried forward in the revision. In fixing the term of office, however, a change was made. The old statute providing that the appointment should continue until the next general election at which the vacancy could be filled, and until a successor was elected and qualified, was changed in section 4282 to read that:

"Every appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed, and until his successor is elected and qualified."

Thus for the first time the term of an officer appointed to fill a vacancy under the act was made to extend, not until the next general election at which the vacancy may be filled and until a successor is elected and qualified, but to serve until the end of the term for which the officer whom he succeeds was elected or appointed, and until his successor is elected and qualified. Construed alone, no uncertainty can arise in the meaning of section 4282, and it is only when considered in connection with the latter clause of the third subdivision of section 4278 that a doubt arises, or occasion for construction

exists. It is obvious that the two provisions are in conflict. The one providing that the officer shall hold until the term of office for which the officer whom he succeeds was elected or appointed is, we have seen, for the first time found in the revision of the statutes approved March 22, 1913 (Sess. Acts 1913, pp. 116-118), effective May 16, 1913. Bringing forward the latter clause of section 4278 in the Revised Laws without a change, and in the face of section 4282, was evidently an oversight, and it must yield to said latter section; for that embodies the latest expression of the Legislature on the subject. The case comes within the familiar rule that, where two inconsistent statutes relating to the same subject-matter, and passed at different times, are both incorporated into a general revision of the statutes, the court will, in construing them, inquire as to the date of the respective enactments, and give effect to the latest legislative expression. Gibbons v. Brittenum, 56 Miss. 249; State ex rel. Excelsior v. District Court, 107 Minn. 437, 120 N. W. 894; State v. Heridorn, 74 Mo. 410; Endlich on Int. of Stat. sec. 183. Applying the rule announced, section 4282 must control.

There being no vacancy in the office of county commissioner, Hoyt was not entitled to enter upon the duties of the office prior to the regular term for which he was elected. Finley v. Combs, 12 Okla. 497, 71 Pac. 625; Ferguson v. Lawrence, 69 Oklahoma, 167 Pac. 1038.

In the consideration of the tenure of an officer appointed to fill a vacancy, section 13, art. 6, of the Constitution has not escaped our attention. But the section enumerated only provides that a person appointed to fill a vacancy in office shall continue in office until his successor shall have been duly elected or appointed and qualified according to law, unless otherwise provided by law; and, as the Legislature has "otherwise provided," obviously the term of office is that fixed by the Legislature under the grant of power contained in the Constitution. Bowman et al. v. Bilby, 24 Okla. 735, 104 Pac. 1078; Musser et ux. v. Baker, 53 Okla. 782, 158 Pac. 442. No other construction of the permissive language of the Constitution is tenable. Section 18, art. 25, of the Constitution provides that:

"Until otherwise provided by law, the terms, duties, powers, qualifications, * * * salary, and compensation of all county and township officers, not otherwise provided by this Constitution shall be as now provided by the laws of the territory of Oklahoma for like named offices. * * *"

The power to fix the term of an officer appointed to fill a vacancy being vested in the

Legislature, and that body having acted and made provision as to the duration of the term, the contention that section 4282, Rev. Laws 1910, is repugnant to section 13, art. 6, of the Constitution must fail.

Burford, being the rightful incumbent of the office during the month of December, 1914, was entitled to the emoluments of the office due him.

The judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

. All the Justices concur.