## ADAMS v. WALLACE.

No. 12212—Opinion Filed Dec. 4, 1923.

### New Trial—Power of Trial Judge After Term of Office Has Expired.

Motion for new trial may be passed on by successor of trial judge. After the term

of office of the trial judge has expired, he has no power to pass on a motion for a new trial filed within his term of office but undisposed of. The successor in office of a trial judge has jurisdiction to pass on such motion for a new trial where the term of office of the trial judge expires before the motion is disposed of.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County.

Action by H. M. Adams against John N. Wallace. From the judgment, plaintiff appeals. Remanded, with directions.

George W. Partridge and E. S. Lowther, for plaintiff in error.

C. G. Hornor and F. H. McGuire, for defendant in error.

Opinion by LYONS, C. This action was brought to recover damages for the alienation of the affections of plaintiff's wife. A trial was had and verdict was rendered for the defendant on November 27, 1920. Within three days thereafter, on November 30, 1920, a motion for a new trial was filed. The record discloses that on December 1, 1920, an order was made overruling the motion for a new trial. It further appears that this order was made by the district court, Hon. Arthur R. Swank presiding as district judge.

The serious question in the case with which we are confronted at the outset is the power and authority of Judge Swank to act on December 1, 1920. When the motion for a new trial was called for hearing on December 1, 1920, the following proceedings were had:

"By Mr. Partridge: At this time comes the plaintiff and challenges the authority of Arthur R. Swank to hear and determine this case, for the reason that his time as district judge has expired; that his successor has been duly appointed, qualified, and is now in the court house and for that reason challenges the jurisdiction of Arthur R. Swank as district judge to hear and determine any motion or any papers in any case in this court. * * *

"By the Court: The court desires to state in connection with this matter that he did tender his resignation to the Governor some time ago, to take effect on December 1st; that the resignation was accepted by the Governor with this condition attached thereto. That in conformity therewith the Hon. J. B. A. Robertson, Governor of the state of Oklahoma, did on the same day the resignation was tendered to the Governor, appoint the Hon. Charles C. Smith district judge of the Eleventh judicial district, to take effect on December 1, 1920; that in compliance with this appointment the said

Hon. Charles C. Smith qualified for said position, and is now ready to assume the duties thereof, but that this being the first day of December, 1920, the said Arthur R. Swank caused this court to be opened at nine o'clock on said day, pursuant to adjournment, and is only open for the purpose of disposing of a certain matter which can only be disposed of by him, and that the change from one judge to another may take place at any time during this day.

"By Mr. McGuire: We ask for the ruling.

"By the Court: Objection overruled. Exception allowed."

It appears from the foregoing that the Hon. Arthur R. Swank was the duly elected and qualified judge of the district court, and had been holding court during the proper tenure of his office. However, prior to December 1, 1920, he had resigned his office with the condition that such resignation should take effect on December 1, 1920. The resignation, with this condition attached, was accepted by the Governor of the state of Oklahoma to take effect on December 1, 1920, and the Governor of the state appointed Hon. Charles C. Smith as the successor of Judge Swank, said appointment to take effect on December 1, 1920.

The Hon. Charles C. Smith had qualified and was ready to assume his duties on December 1, 1920, at the time Judge Swank attempted to act. The resignation tendered by Judge Swank to the Governor of Oklahoma and accepted by the Governor created a vacancy in the office. Sections 4276 and 4277, Rev. Laws 1910; State of Kansas v. Clayton, 27 Kan. 442.

The Governor of Oklahoma is empowered by law to fill such vacancy by appointment. Section 4278, Rev. Laws 1910. Burford v. Board of Commissioners of Lincoln County, 63 Okla. 42, 162 Pac. 780. Therefore the term of office of Hon. Charles C. Smith as district judge of the Eleventh judicial district commenced on December 1, 1920, and Judge Smith, as appears from the record, had already qualified and was ready to take the bench at the time of the proceedings relative to the motion for a new trial. There cannot be two incumbents of a single office at one time, and since Judge Swank's term had expired and Judge Smith's term had commenced, Judge Swank, in the absence of a special statute authorizing him to hear a motion for a new trial after the expiration of his term, had no authority to hear the motion under consideration. No special statute has been called to our attention, authorizing such act by the judge after the expiration of his term, and the only powers conferred by special statute seem to relate

to the signing and settling of the case-made. See sections 5244 and 5245, Rev. Laws 1910.

A motion for a new trial duly filed within three days at the term at which the cause was heard, may be determined by the successor of the district judge. Horton v. Prague Nat. Bank, 60 Okla. 240, 159 Pac. 730; School District No. 38, Le Flore County, v. School District No. 92, Le Flore County, 42 Okla. 228, 140 Pac. 1144.

This rule is further stated in Ruling Case Law:

"It is always desirable that a motion for a new trial should be heard and decided by the same judge who presided at the trial of the cause, as his familiarity with the case the better enables him to rule upon the questions raised by the motion, but in order to protect the right of suitors, and prevent a failure of justice, it is sometimes absolutely necessary for a judge to hear and decide a motion for a new trial in a case in which he did not preside at the trial. As a general proposition therefore, the successor in office of a trial judge has jurisdiction to pass on a motion for a new trial in a civil case where the motion is not disposed of during the incumbency of his predecessor, or is made in a case tried before the predecessor. This rule applies to cases where the trial judge dies or his term expires before the motion is disposed of." 20 R. C. L. 301.

It follows, therefore, since the trial judge's term of office had expired that the order overruling the motion for a new trial is nugatory.

So far as the legal status of the motion for a new trial is disclosed by the record, it is still pending and may properly be passed upon by a successor of the trial judge.

The cause is remanded to the district court, with directions to proceed in conformity with the views herein expressed.

By the Court: It is so ordered.