### KING v. PAXTON.

No. 27976. April 26, 1938.

Rehearing Denied May 17, 1938.

W. T. Jeter, for plaintiff in error.

Hollis Arnett and W. B. Garrett, for defendant in error.

WELCH, J. This is an appeal from a judgment of the district court of Greer county, Okla., in favor of M. G. Paxton, defendant in error, plaintiff below, and against Mrs. Lizzie King, plaintiff in error, defendant below.

The parties will be hereinafter referred to as they appeared in the lower court.

The plaintiff and the defendant, in their pleadings, each claim title to the office of county commissioner for the Third district of Greer county, Okla., following a vacancy created therein by the death of the incumbent.

The cause was presented to the court upon an agreed statement of facts.

The essential facts are as follows:

The county commissioner for the Third district of Greer county died on the 28th day of October, 1936. On the 31st day of October the Governor of Oklahoma appointed the defendant to fill the vacancy thus created. On the 4th day of November thereafter the defendant filed a bond, which was approved as required by law, and filed an oath of office and began claiming the office and the emoluments thereof.

The plaintiff was a candidate and party nominee for the office of county commissioner for the Third district of Greer county for the regular term of said office, beginning on July 5, 1937. The general election was held on the 3rd day of November, 1936, and on November 10, 1936, the Greer county election board issued a certificate of election to the plaintiff. On the same day the plaintiff presented a bond, which was approved as required by law, and also filed an oath of office and began claiming the office and the emoluments thereof.

The trial court made the following finding and conclusion of law and entered judgment for the plaintiff in accordance therewith:

"The court finds as a matter of law that a vacancy was created by the death of the said Frank King, in the office of county commissioner of Greer county, Okla., from the Third district of said county; that the said M. G. Paxton was within less than 30 days after the creation of said vacancy elected to said office from said district, and in due time filed his bond and qualified. That under and by virtue of said proceedings and facts the said M. G. Paxton is the legal owner and holder of the office of county commissioner of Greer county, Okla., from the Third district of said county.

"The court further finds that the appointment of the defendant, Mrs. Lizzie King, to the office of commissioner for the Third district of Greer county, Okla., is illegal and void and of no force and effect, and conferred no right, title or claim to the office of said county commissioner."

In this appeal the defendant contends that the trial court erred in rendering judgment in favor of the plaintiff and against the defendant, for the reason that the defendant was the lawfully appointed, qualified, and acting county commissioner on November 4, 1936, and therefore no vacancy existed in said office at the time of the election of plaintiff.

Plaintiff was elected for a term to begin on July 5, 1937. Section 3402, O. S. 1931, reads in part:

"* * * If the office to which any person is elected be vacant at the time of his election or becomes vacant before his time for qualifying, even if he were not elected to fill the vacancy, he shall forthwith qualify and enter upon the duties of his office."

It is true that the general election was held on November 3, 1936, but the election of plaintiff was not completed until the results of the election were determined and declared by the county election board on November 10, 1936. See Gragg v. Dudley, 143 Okla. 281, 289 P. 254. At that time the office was not vacant unless defendant's appointment was illegal and void. The record does not disclose an irregularity in the procedure of appointment and qualification, so the question for determination is whether the Governor had the authority to make the appointment. It is apparent that the trial court's determination of the question was based on section 3411, O. S. 1931. Said section reads as follows:

"If a vacancy occurs within 30 days previous to an election day at which it may be filled, no appointment shall be made unless it be necessary to carry out said election and the canvass of the same according to law; in that case, an appointment may be made at any time previous to said election to hold until after said election or until his successor is elected and qualified."

The language of section 3411 is made

understandable by an examination of a related statute which was in existence at the time of its adoption, but is not now a part of our laws. Such related statute, see section 3410, O. S. 1931, formerly read as follows:

"All vacancies in office, except in offices of the members of the Legislature, shall be filled by appointment;

"First. In state offices, by the Governor.

"Second. In county offices, in newly organized counties where no election has been held, by the Governor.

"Third. In all other county offices, by the county commissioners, and in the board of county commissioners, by the Governor; in the offices of justice of the peace and constable, and township officers, by the board of county commissioners; Provided, however, that if the vacancy is caused by the death, resignation or removal of an elected officer, the person appointed to fill the vacancy shall be appointed from the same political party to which the officer elected belonged, and shall serve until the next general election."

Under this statute a person appointed to fill a vacancy in an office prior to a general election only served until the election, and a vacancy was thereby created on election day by operation of law. It therefore followed that such general election would be for the purpose of filling the unexpired term as well as the new term.

It is obvious that the provision in section 3411, supra, that no appointment should be made if a vacancy occurs within 30 days previous to an election day at which it may be filled, was adopted in contemplation of the operation of the last proviso of section 3410, as set forth above; that the "election day" contemplated by section 3411 was an election which would fill a vacancy for an unexpired term.

That provision limiting the term of an appointee to the next general election was superseded and made inoperative by section 3414. O. S. 1931, which provides that every appointed officer shall hold his office until the end of the term for which the officer whom he succeeds was elected or appointed, as held in Burford v. Board of Com'rs of Lincoln County et al., 63 Okla. 42, 162 P. 780. That provision was eliminated in 1933 when the Legislature amended section 3410, O. S. 1931; see chapter 166, S. L. 1933.

It is true that the vacancy occurred in the office of county commissioner of Greer county within 30 days previous to the general election of November 3, 1936, but with the elimination of the last proviso of section 3410, supra, it cannot be said that said election was to fill said vacancy, and we are not aware of any statute now in existence providing for the election of a county officer to fill an unexpired term. There being no election day at which such a vacancy may be filled, section 3411, O. S. 1931, is inoperative and without force and effect and did not prohibit the Governor from appointing the defendant to the office for the unexpired term. The defendant was the duly qualified and appointed commissioner at the time of the election of the plaintiff; therefore, the plaintiff had no right to the office until the beginning of the term for which he was elected.

The judgment of the trial court is reversed, and remanded, with directions to enter judgment for the defendant.

BAYLESS, V. C. J., and RILEY, PHELPS, and HURST, JJ., concur.