**Patrick ABITBOL, Petitioner,**

v.

**Donna J. PRIORE, Respondent.**

**No. 75720.**

Supreme Court of Oklahoma.

July 10, 1990.

Rehearing Denied Sept. 11, 1990.

Jack E. Gordon, Jr., Messrs. Gordon and Gordon, Claremore, for petitioner.

Thomas C. Gillert, Specially Assigned Dist. Atty., Tulsa, for respondent.

Robert H. Henry, Atty. Gen., K.W. Johnston, Asst. Atty. Gen., Oklahoma City, amici curiae.

## MEMORANDUM OPINION

OPALA, Vice Chief Justice.

The dispositive issue to be decided here is whether the Governor may, in two separate consecutive acts, first appoint an "acting" successor of a district attorney whose resignation left the office vacant and *then* fill the same office by appointing another person for the full unexpired term. Our answer declares that by force of the applicable law the first appointee became invested with title to the office for the remainder of the resigned predecessor's term.

This controversy is over title to the office of district attorney for the Twelfth Judicial District. According to the stipulated facts a vacancy arose when the former office holder's resignation became effective March 1, 1990. The current term does not end until January 7, 1991. On April 6, 1990 the Governor appointed the petitioner as acting district attorney to succeed T. Jack Graves, the incumbent who had resigned, until a permanent district attorney is appointed and qualified or elected and qualified, whichever occurs earlier. On May 10, 1990 the Governor appointed the respondent to hold the same office for the remainder of the unexpired term. The first appointee neither resigned from nor abandoned his position, and, although he did not vacate the office, he has been "fired" by the respondent.

The petitioner (first "acting" appointee) brings this original action—one in the nature of quo warranto—to declare the Governor's subsequent appointment to be inefficacious.[1] We take cognizance of this cause and grant a writ in the nature of quo warranto declaring the petitioner to have title to the office for the unexpired term of the incumbent whose resignation created the vacancy.

Although the Governor alone has the authority of appointment to fill a state office vacancy,[2] the *term* of office subject to this power is fixed by the legislature.[3] Moreover, *the length of time an appointee can serve as successor office holder is also statutorily controlled.* The provisions of 19 O.S.Supp.1987 § 215.9 *clearly mandate* that in the event of a district attorney's resignation, the Governor *"shall appoint a qualified person to serve the balance of the unexpired term"* of the office. This legislative directive is echoed in the provisions of 51 O.S.1981 § 15 which declare that *"[e]very appointed officer shall hold his office until the end of the term* for which the officer whom he succeeds was elected or appointed, *and until his successor is elected and qualified."* (Emphasis added.) We hence conclude that once the Governor appointed the petitioner to the office of district attorney, the vacancy left by resignation of the former incumbent

---

1. See the provisions of 12 O.S.1981 §§ 1531 and 1532, whose pertinent text is:
   "[§ 1531:] The writ of quo warranto, and proceedings by information in the nature of quo warranto, are abolished and *the remedies heretofore obtainable in those forms may be had by civil action ....*
   "[§ 1532:] *Such action may be brought in the Supreme Court* or in the district court, in the following cases:
   1st, When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or shall claim any franchise within this state or any office in any corporation created by authority of this state;
   " * * *
   "6th, For any other cause for which a remedy might have been heretofore obtained by writ of quo waranto, or information in the nature of quo warranto." (Emphasis added.)

2. See Art. 6 § 13, Okl. Const., *infra;* 51 O.S. Supp.1985 § 10(a), *infra.*

The pertinent terms of Art. 6 § 13, Okl. Const., provide:
" * * * When any office shall become vacant, he [the Governor] shall,* unless otherwise provided by law, *appoint a person to fill such vacancy,* who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law." (Emphasis added.)
The pertinent terms of 51 O.S.Supp.1985 § 10(a) provide:
"*All vacancies in state offices,* except in offices of the members of the Legislature, members of the House of Representatives from Oklahoma in the Congress of the United States of America and members of the Senate of the United States of America, *shall be filled by appointment by the Governor.* * * * " (Emphasis added.)

3. *Burford v. Board of Com'rs,* 63 Okl. 42, 162 P. 780, 782 (1917).

became *irrevocably* filled by force of law *for the term's remainder.*[4]

An *interim* successor may be appointed *only* in specific, statutorily authorized and circumscribed instances—i.e., when a state officer pleads guilty or is convicted of a felony.[5] Then, and only then, is the Governor empowered to make an appointment that is of a *conditional or contingent nature and for an indefinite* duration—one possibly effective for less than the full remainder of the unexpired term held by the appointee's predecessor. The person who takes office under an interim appointment serves *only during the period of the last incumbent's legal disability* that attached upon a felony conviction. Once the disability is removed, the office is restored by force of law. According to the explicit language of the applicable statute, the convicted official's suspension "shall continue until such time as said conviction or guilty plea is reversed by the highest appellate court to which said officer or employee may appeal." [6]

In sum, the Governor's power to fill vacancies *created by the resignation of a state officer* does not include the authority to limit or condition the term during which the appointee is to serve. By force of law that supplies the source for gubernatorial authority here under legal scrutiny the petitioner's appointment invested him with title to the district attorney's office for the entire remainder of his resigned predecessor's unexpired term.[7]

Lastly, in a companion case, No. 75,724, the respondent seeks a prerogative writ to reinstate four juvenile delinquency cases alleged to have been wrongly dismissed. By a separate order issued today that cause is transferred to the Court of Criminal Appeals, which has exclusive jurisdiction to decide their fate in light of this opinion.[8]

ORIGINAL JURISDICTION ASSUMED IN CAUSE NO. 75,720; WRIT IN THE NATURE OF QUO WARRANTO GRANTED CONFIRMING IN PETITIONER TITLE TO THE OFFICE; COMPANION CAUSE NO. 75,724 IS TRANSFERRED TO THE COURT OF CRIMINAL APPEALS BY SEPARATE ORDER.

HARGRAVE, C.J., and SIMMS, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

HODGES, J., dissents.

LAVENDER, J., not participating.

---

4. See *Burford v. Board of Com'rs, supra* note 3, 162 P. at 781 (the court's syllabus ¶ 2); cf. *State ex rel. Okl. Tax Com'n v. Mourer*, Okl., 596 P.2d 882, (1979) (tax commission's appointee, who had filled a vacancy on Board of Equalization, was not divested of title to the position by another who was subsequently appointed to the same position by a different agency).

5. See 51 O.S.Supp.1987 § 24.1(A), whose pertinent terms are:

   "Any elected or appointed state or county officer or employee who, during the term for which he was elected or appointed, is, or has been, found guilty by a trial court of a felony ... *shall be automatically suspended from said office* or employment. *The Governor shall appoint an interim successor to serve during the period of suspension* of any county commissioner or any state officer other than a member of the State Legislature. * * *" (Emphasis added.)

6. 51 O.S.Supp.1987 § 24.1(A).

7. See *Territory v. Ashenfelter*, 4 N.M. 93, 12 P. 879, 900–901 (1887), where the governor had filled a vacancy in the district attorney's office, *and his subsequent appointment of another to* the same office—before the term's expiration—was held invalid; cf. *State v. Lexcen*, 131 Mont. 161, 308 P.2d 974, 976–977 (1957), a case in which the Board of County Commissioners had initially filled a vacancy in the county attorney's office, but a newly composed board later declared the same office vacant, filling it again by appointing another person to hold it; *the second appointment* was held invalid.

8. See 10 O.S.1981 § 1123(A), whose pertinent terms provide:

   " * * * *[A]ppeals taken from a trial court's decision in a proceeding for an adjudication of juvenile delinquency or in a proceeding certifying a juvenile to stand trial as an adult* or denying such certification *shall be taken to the Court of Criminal Appeals* in the same manner as other appeals are taken to the Court of Criminal Appeals of this state...." (Emphasis added.)